Raimondo & Associates
Anthony Raimondo, #200387
  *apr@raimondoassociates.com*
Jasmine Shams, #287410
  *js@raimondoassociates.com*
7080 N. Marks Avenue, Suite 117
Fresno, California 93711
Telephone:    (559) 432-3000
Facsimile:    (559) 432-2242

Attorney for Defendant WESTSIDE AG, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATSIRI CARDENAS, RAUL PINA, HONORIA GARCIA, ANDRES-GONZALEZ FLORENTINA PINA, SERGIO VELASCO, LUPE ALVAREZ, and WILMAR RAMIREZ, individually, on behalf of other members of the general public similarly situated, and as an aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>WESTSIDE AG, INC., a California corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 1:16-CV-00255-LJO-EPG<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant WESTSIDE AG, INC. ("Defendant") by their counsel and subject to the approval of the Court, hereby agree to the following Order regarding the protection of confidential information.

WHEREAS, Defendant believes that the discovery, prosecution, and defense of this action may require the disclosure of certain confidential information relating to non-party employees of Defendant; and

WHEREAS Plaintiffs and Defendant (hereinafter referred to as "the Parties") desire to litigate this action without jeopardizing any non-party's interest in maintaining the privacy and confidentiality of their confidential information;

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. As used in this stipulation and agreement, "confidential information" shall mean and refer only to employee Social Security numbers and compensation, personnel records, time records, payroll records, and other information such as names and addresses relating to the Plaintiffs and other current and former employees of Defendant.

2. As used in this stipulation and agreement "confidential material" shall mean and refer to all documents, papers, records, writings, and electronically stored information of any form whatsoever, consistent with the meaning of the Federal Rules of Evidence, Rule 1001 et seq. produced in response to discovery in this action and designated as such by the producing party.

3. Confidential information shall be treated and kept as confidential regardless of whether it is: (a) conveyed by or contained in a document produced or (b) stated in an answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement among counsel or (e) disclosed in the furtherance of or during the course of mediation between the Parties.

4. Information concerning non-party employees of Defendant shall be deemed confidential, and shall be treated as subject to this order unless the Court orders otherwise. This provision is without prejudice to the right of either party to move for a determination from the Court that information thus designated is not Confidential. The Parties agree to meet and confer over disputes about whether or not information is Confidential before making such a motion to the Court.

5. Any confidential information designated as such pursuant to paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the Parties and their officers and management employees, outside counsel assisting in or responsible for this proceeding and members of the legal, paralegal, secretarial and clerical staff of such counsel, other persons assisting counsel with these proceedings, counsel retained by witnesses, any mediator, the Court, jury members, persons employed as consultants for each party, experts and/or witnesses on an as needed basis only.

RAIMONDO & ASSOCIATES
7080 N. Marks Avenue
Suite 117
FRESNO, CA 93711

6.  All Confidential Material shall be used only for the purpose of the proceedings in this case, including mediation, trial, hearings and any appeals, and not in any other lawsuit, claim or cause of action or for any other purposes whatsoever unless ordered by a court of competent jurisdiction.

7.  All persons, except the Parties, their officers and management employees, their in-house and outside counsel, and members of the legal, paralegal, secretarial and clerical staff of such counsel, who are permitted access to Confidential Material shall be informed of its confidentiality as provided in this Order, and shall be bound by the terms of this Order.

8.  Any Confidential Material filed with the Court shall be filed pursuant to and consistent with the Court's rules and procedures governing the filing of private and confidential information. A determination as to when and what special procedures, if any, are necessary for handling "Confidential" documents and information subject to this Order at trial shall be made by the Court prior to trial. The Parties shall take all steps reasonably required to protect against misuse or disclosure of such Confidential Material.

9.  Unless otherwise ordered by the Court or agreed in writing by the Defendant, within 60 days after final termination of this action, and except for the one copy they are required to retain by law Plaintiffs shall destroy all copies of Defendant's designated confidential information, and shall certify such destruction in writing under penalty of perjury.

10.  This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document or information (including restrictions differing from those as specified herein), or as to any other types of documents or information not encompassed by this Order, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

11. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial or hearing in this action. The application of this Order to any information shall not be considered an admission or in any way relevant to the questions of whether such information is or is not discoverable or admissible.

12. Nothing in this order shall be construed as a waiver by Defendant of any affirmative

defense or argument. Nothing in this order shall be construed as a waiver of any theory of liability by Plaintiffs.

13. The undersigned counsel for the Parties agree on behalf of their respective firms, agencies, and clients to the terms set forth herein, and consent to the form and entry of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD,

Dated:_____                    LAW OFFICES OF MARK YABLONOVICH

                                          By:_____
                                          Mark Yablonovich
                                          Attorney for Plaintiffs

                                          _____

Dated:_____                    RAIMONDO & ASSOCIATES

                                          By:_____
                                          Anthony Raimondo
                                          Attorney for Defendant

**ORDER**

The Court has reviewed the above stipulation (a fully executed version of which is located on the docket at ECF No. 25) and adopts it, except that the second sentence of paragraph 8 is amended to read: "The Parties shall comply with Local Rule 141.1 if they wish to use documents and information subject to this Order at trial."

IT IS SO ORDERED.

Dated:  **March 3, 2017**                 /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE